[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1705

 EDWARD D. COWHIG,

 Plaintiff, Appellant,

 v.

 TOGO WEST, SECRETARY OF THE ARMY,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Lipez, Circuit Judge.

 Edward D. Cowhig on brief pro se.
 Donald K. Stern, United States Attorney, and Michael J.
Pineault, Assistant U.S. Attorney, on brief for appellee.

April 2, 1999

 Per Curiam. Having scrutinized the record and the
parties' submissions, we affirm the order of dismissal and the
injunction against further filings essentially for the reasons
recited by the district court. We add only the following
comments. 
 It is well established that courts have the power to issue
injunctions "barring a party ... from filing and processing
frivolous and vexatious lawsuits." Gordon v. United States
Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per
curiam). While such measures are "the exception to the general
rule of free access to the courts," Pavilonis v. King, 626 F.2d
1075, 1079 (1st Cir. 1980), the district court was justified
here in concluding that injunctive relief was warranted. 
Plaintiff has now filed five meritless actions in the District
of Massachusetts, and at least two others elsewhere, pertaining
to the same incident--his 1962 discharge from the Army. Where
a litigant has demonstrated a "propensity to file repeated
suits ... involving the same or similar claims" of a "frivolous
or vexatious nature," a bar on further filings is appropriate. 
Castro v. United States, 775 F.2d 399, 409 (1st Cir. 1985) (per
curiam); accord, e.g., Pavilonis, 626 F.2d at 1078 (noting that
"plaintiffs bent on reopening closed cases" fit into "classic
mold" for injunctive relief). 
 Nor does the injunction here suffer from any of the
deficiencies that have been cited in other cases. Plaintiff
was given ample "notice that filing restrictions were
contemplated." Cok v. Family Court of Rhode Island, 985 F.2d
32, 35 (1st Cir. 1993) (per curiam). The court made adequate
findings demonstrating the need for an injunction, and the
record was "sufficiently developed" to support those findings. 
Id. And the injunction was "narrowly drawn to fit the specific
vice encountered." Castro, 775 F.2d at 410. For example, it
pertains only to filings in the local district court, brought
against the United States or an agency or employee thereof,
involving the 1962 discharge. And it allows plaintiff, with
leave of court, to make new filings upon a showing that they
are not barred by res judicata.
 Filing restrictions are reviewed for abuse of discretion. 
See, e.g., id. at 408. No abuse of discretion being apparent,
the judgment is summarily affirmed.
 Affirmed. See Loc. R. 27.1.